# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

No. 18-1149               **September Term, 2025**

EPA-90FR34206
EPA-86FR57585
EPA-85FR74890
EPA-83FR13745

**Filed On: September 24, 2025** [2136758]

Environmental Defense Fund, et al.,

        Petitioners

      v.

Environmental Protection Agency and Lee
M. Zeldin,

        Respondents

------------------------------

Air Permitting Forum, et al.,
              Intervenors

------------------------------

Consolidated with 21-1033, 21-1039,
21-1259, 25-1176

## O R D E R

Upon consideration of the motions for leave to intervene filed by:

National Development Association's Clean Air Project, National Association of
Manufacturers, American Forest & Paper Association, Chamber of Commerce of the
United States of America, Brick Industry Association, American Chemistry Council,
American Coke and Coal Chemicals Institute, Council of Industrial Boiler Owners,
American Petroleum Institute, Air Permitting Forum, American Iron and Steel Institute,
Portland Cement Association, Fertilizer Institute, American Wood Council, Auto Industry
Forum, American Fuel & Petrochemical Manufacturers

it is **ORDERED** that the motions be granted.

Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A
schedule for the filing of briefs will be established by future order. That order will
automatically provide briefing only for intervenors on the side of respondents. Any

**No. 18-1149**                                        **September Term, 2025**

intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 39 (2025), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 39.

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
          Emily K. Campbell
          Deputy Clerk