# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 18-1149**                    **September Term, 2025**

**EPA-90FR34206**
**EPA-86FR57585**
**EPA-85FR74890**
**EPA-83FR13745**

**Filed On: October 2, 2025** [2138478]

Environmental Defense Fund, et al.,

      Petitioners

      v.

Environmental Protection Agency and Lee
M. Zeldin,

      Respondents

------------------------------

Air Permitting Forum, et al.,
      Intervenors
------------------------------

Consolidated with 21-1033, 21-1039,
21-1259, 25-1176

# O R D E R

Upon consideration of the parties' joint motion to govern, it is

**ORDERED** that the following briefing schedule and format will apply in these cases:

| | |
|---|---|
| Petitioners' Brief(s) | November 14, 2025 (not to exceed 13,000 words, to be divided between 2 briefs) |
| Respondents' Brief | January 26, 2026 (not to exceed 13,000 words) |
| Intervenors for Respondents' Brief | February 5, 2026 (not to exceed 9,100 words) |

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 18-1149**                                    **September Term, 2025**

|                                   |                                                                              |
|-----------------------------------|------------------------------------------------------------------------------|
| Petitioners' Reply Brief(s)       | March 6, 2026<br>(not to exceed 6,500 words, to be<br>divided between 2 briefs) |
| Deferred Appendix                 | March 20, 2026                                                               |
| Final Briefs                      | March 27, 2026                                                               |

All issues and arguments must be raised by petitioners in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

The court reminds the parties that:

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . The brief must include arguments and cite evidence establishing by a "substantial probability" the claim of standing.

See D.C. Cir. Rule 28(a)(7); Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002).

To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 42 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
       Michael C. McGrail
       Deputy Clerk

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 18-1149**                    **September Term, 2025**